JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Joseph DiNofa

**DEFENDANTS**
Uber Technologies, Inc and Raiser, LLC

**(b)** County of Residence of First Listed Plaintiff   Philadelphia County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
George Tankard
Napoli Law PLLC
400 East Pratt Street, Suite 849, Baltimore, MD 21202 (212) 397-1000
Brittany Weiner (pro hac vice pending), Imbesi Law P.C.
450 Seventh Ave., Suite 1408, New York, NY 10123 (212) 736-0007

Attorneys *(If Known)*
Matthew J. Hank, Paul C. Lantis, and Wendy Buckingham
Littler Mendelson, P.C., 1601 Cherry Street, Suite 1401
Philadelphia, PA 19102 267-402-3000

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. sections 1332(a)(1), 1332(d), 1441, 1446, and 1453
Brief description of cause:
Breach of contract, violation of the Pennsylvania Wage Payment and Collection Law

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
11/13/2015

SIGNATURE OF ATTORNEY OF RECORD
*m. 1. 7ue*

**FOR OFFICE USE ONLY**

RECEIPT # ____   AMOUNT ____   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2512 S. Sartain, Philadelphia, PA 19148

Address of Defendant: 1455 Market St, Fl 4, San Francisco, CA 94103-1355

Place of Accident, Incident or Transaction: _____

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐ No☒

Does this case involve multidistrict litigation possibilities?   Yes☐ No☒

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☒ All other Diversity Cases
   (Please specify) 28 U.S.C. Sections
   1332(a)(1),1332(d),1441,1446,1453

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
                      Attorney-at-Law            Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: November 13, 2015   _____   86086
                           Attorney-at-Law           Attorney I.D.#

CIV. 609 (5/2012)

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2512 S. Sartain, Philadelphia, PA 19148

Address of Defendant: 1455 Market St, Fl 4, San Francisco, CA 94103-1355

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☒

Does this case involve multidistrict litigation possibilities?     Yes☐  No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
    Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
    Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
    Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

**A. *Federal Question Cases*:**

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

**B. *Diversity Jurisdiction Cases*:**

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☒ All other Diversity Cases
    (Please specify) 28 U.S.C. Sections
    1332(a)(1),1332(d),1441,1446,1453

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*
I, _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _____     _____     _____
                                         Attorney-at-Law                         Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: November 13, 2015     *[signature]*     86086
                                         Attorney-at-Law                         Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Joseph DiNofa : CIVIL ACTION
:
v. :
:
Uber Technologies, Inc and Raiser, LLC : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( x )

| November 13, 2015 | | Defendants |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (267) 402-3054 | (267) 402-3131 | mhank@littler.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JOSEPH DINOFA, individually, and on : 
behalf of all others similarly-situated, : 
                       :     Case No. _____
      Plaintiffs, : 
                       :     Judge _____
      v. : 
                       :     Removed from Court of Common Pleas,
UBER TECHNOLOGIES, INC and :     Philadelphia County
RAISER, LLC, :     Civil Action No. 150902252
                       : 
      Defendants. : 
                       : 

## NOTICE OF REMOVAL

Defendants Uber Technologies, Inc. ("Uber") and Rasier, LLC ("Rasier")[1] (collectively, "Defendants"), hereby remove this action from the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. §§ 1332(a)(1), 1332(d), 1441, 1446, and 1453. In support of this Notice of Removal ("Notice"), Defendants state as follows:

**I.      PROCESS, PLEADINGS, AND ORDERS**

1.      Plaintiff Joseph DiNofa ("Mr. DiNofa" or "Plaintiff") filed a Complaint on or about September 22, 2015, designated Case No. 150902252 in the Court of Common Pleas of Philadelphia County. Mr. DiNofa's Complaint is attached as Exhibit A.

2.      Mr. DiNofa served Defendants with a Summons and a copy of the Complaint on October 16, 2015. A true and correct copy of the Affidavit of Service filed by Mr. DiNofa verifying service on Defendant Uber is attached hereto as Exhibit B. A true and correct copy of

---

[1] Raiser, LLC was misspelled in Plaintiff's Complaint filed in the Court of Common Pleas in Philadelphia County. The LLC is actually called "Rasier," not "Raiser" LLC.

the Affidavit of Service filed by Mr. DiNofa verifying service on Defendant Rasier is attached hereto as Exhibit C.

      3.      The Complaint alleges the following claims: (i) tortious interference with contract and business relations; (ii) breach of contract; (iii) unjust enrichment; (iv) conversion; (v) unfair competition; (vi) fraud and misrepresentation; (vii) violations of the Pennsylvania Labor Law, including: failure to provide prompt payment of wages upon termination and resignation, failure to provide meal and rest periods, unlawful retention of gratuities, failure to maintain required payroll records, and failure to pay minimum wage.

      4.      In the Complaint, Mr. DiNofa alleges that "Defendant Raiser [sic] is a subsidiary of Uber and is the equivalent of Uber for the purposes of this action." (Complaint, ¶ 6.)

      5.      Pursuant to 28 U.S.C. § 1446(a), the attached exhibits constitute all process, pleadings and orders served upon Defendants or filed or received in this action by Defendants.

## II.    VENUE

      6.      Because the Court of Common Pleas of Philadelphia County lies in the Eastern District of Pennsylvania, this Court is the appropriate venue for removal.  *See* 28 U.S.C. §§ 118(a) and 1441(a).

## III.    DIVERSITY JURISDICTION EXISTS UNDER 28 U.S.C. § 1332(a)

      7.      Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over actions in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

### A.    Diversity Of Citizenship Exists

8.     For diversity purposes, an individual is a citizen of the state in which he or she is domiciled with the intent to remain. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008).   To be domiciled in a state, a person must reside there and intend to remain indefinitely. *See Krasnov v. Dinan*, 465 F.2d 1298, 1300-01 (3d Cir. 1972).   A person may only have one domicile, and thus, may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619, 625 (1914).   Mr. DiNofa alleges that he is a citizen of the Commonwealth of Pennsylvania and a resident of Philadelphia County. (Complaint, ¶ 4.)   Accordingly, Mr. DiNofa is a citizen of the Commonwealth of Pennsylvania for purposes of diversity jurisdiction.

9.     For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the state in which it was incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).   A corporation's principal place of business is its "nerve center" – the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

10.     Defendant Uber is incorporated in the State of Delaware, and its principal place of business is San Francisco, California.   Accordingly, Uber is a citizen of Delaware and California, and not Pennsylvania, for diversity purposes. *See* 28 U.S.C. §§ 1332(a)(1), (c)(1).   In support of these assertions, the Declaration of Michael Colman, an Operations Specialist with Uber, is attached as Exhibit D (hereinafter "Colman Decl.").

11.     Defendant Rasier is a wholly owned subsidiary of Uber and a limited liability company.   As such, it is a citizen of each state in which its members are citizens. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *Johnson v. SmithKline Beecham*

*Corp.*, 724 F.3d 337, 348 (3d Cir. 2013). Rasier's sole member is an employee of Uber who works at Uber's Headquarters in San Francisco and is a citizen of California. (Colman Decl. at ¶ 2.) Accordingly, Rasier is a citizen of California, not Pennsylvania, for diversity purposes. *See* 28 U.S.C. §§ 1332(a)(1), (c)(1).

### B.    The Amount In Controversy Exceeds $75,000

12.    Pursuant to 28 U.S.C. § 1446(c), Defendants need only establish by a preponderance of evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement.

13.    Mr. DiNofa's Complaint does not allege a specific amount in controversy, but states that, in addition to interest and attorneys' fees, he seeks to recover compensatory, punitive, treble, and liquidated damages. (Complaint, pp. 11-12 [Request For Relief].)

14.    Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," and a removing defendant need only establish that it is more likely than not that the amount in controversy exceeds the jurisdictional minimum of $75,000. *See* 28 U.S.C. § 1446(c)(2)(A).

15.    For jurisdictional purposes, "determining the amount in controversy begins with a reading of the complaint filed in the state court." *See Samuel-Bassett v. Kia Motors America, Inc.*, 357 F.3d 392, 398 (3d Cir. 2004). The court, however, does not merely accept a plaintiff's contentions regarding the amount in controversy, but is required to analyze the legal claims to determine if a plaintiff's actual monetary demands exceed the $75,000 threshold. *Morgan v. Gay*, 471 F.3d 469, 474-75 (3d Cir. 2006).

16.     Although Defendants deny the validity and merit of Mr. DiNofa's claims and allegations, and deny that Mr. DiNofa is entitled to any relief, Mr. DiNofa's claims establish an amount in controversy in excess of the jurisdictional minimum of $75,000, exclusive of interest and costs.

17.     For example, Mr. DiNofa alleges that "[i]n October of 2014, . . . [he] began driving for Uber," and that he "has incurred between $50 to $300 each week in expenses." (Complaint, ¶¶ 21, 24.) Accordingly, if Mr. DiNofa were to recover on his claim for conversion, where he seeks "tips and money spent for expenses" and in which he believes he and his fellow class members "are entitled to restitution for their full share of proceeds, as well as treble damages," he could recover $17,100.00 for this claim alone.[2] (*Id.*, ¶¶ 48-49.)[3]

18.     Mr. DiNofa further alleges that he initially "drove eight (8) to twelve (12) hours per week" and in May 2015, he began "driving between forty (40) and fifty (50) hours per week." (*Id.*, ¶ 22.) Mr. DiNofa claims that after paying his expenses in the beginning, he "earned approximately $80 per week." (*Id.*, ¶ 24.) Thus, if Mr. DiNofa were to recover on his claim for unpaid overtime, he could recover at least $1,026.00.[4]

19.     If Mr. DiNofa were to recover liquidated damages under the Pennsylvania Wage Payment and Collection Law,[5] he could potentially recover an amount equal to twenty-five

---

[2] This amount does not include treble damages that Plaintiff is seeking for himself and his fellow class members. (*Id.* at ¶ 48.)

[3] 57 weeks X $300.00 per week in expenses = $17,100.00.

[4] $380.00 per week / 50 hours per week = $7.6/hour; $7.6 X 1.5 = $11.40 overtime rate; $11.40 - $7.60 = $3.80 allegedly unpaid overtime premium pay/hour; $3.80 X 10 hours of overtime per week X 27 weeks (May 1, 2015 to present) = $1,026.00.

[5] In the Complaint, Mr. DiNofa refers to liquidated damages under the "Pennsylvania Labor Law" without citing to a particular statute, but Defendants believe Mr. DiNofa is referring to the Pennsylvania Wage Payment and Collection Law, which has a provision for liquidated damages. (Complaint, p. 12(d).)

percent (25%) of the total amount of wages due or $500.00, whichever is greater, and thus, he could recover $500.00.[6]  *See* 43 P.S. § 260.10.

20.     Accordingly, the amount in controversy with respect to three of Mr. DiNofa's claims is $18,626.00.[7]  Additionally, Mr. DiNofa seeks attorneys' fees, which must also be taken into account when determining whether the amount in controversy is met.[8]  *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997) (holding that "attorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action") (citing to *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199 (1933)); *Raspa v. The Home Depot*, 533 F. Supp. 2d 514, 522 (D.N.J. 2007) (stating that attorneys' fees "alone can exceed six figures.").

21.     Based on the foregoing and taking into consideration Mr. DiNofa's claims for gratuities, attorneys' fees, punitive and treble damages, and his other claims,[9] Mr. DiNofa's claims exceed $75,000.   Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

## IV.    CAFA JURISDICTION EXISTS UNDER 28 U.S.C. § 1332(d)

22.     Removal jurisdiction also exists because this Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).  CAFA grants federal district courts original jurisdiction over civil class action lawsuits in which any

---

[6] $1,026.00 X .25 = $256.50, so $500.00 is greater under the Statute.
[7] $17,100.00 + $1,026.00 + $500.00 = $18,626.00.
[8] Mr. DiNofa is also seeking attorneys' fees pursuant to 43 P.S. § 260.9a.  Under that statute, a court may, in awarding a judgment to a plaintiff, allow costs for reasonable attorneys' fees to be paid by the defendant.
[9] Mr. DiNofa asserts that he is seeking the imposition of penalties on Defendants pursuant to 43 P.S. § 255.3, however, that law falls under the Railroad Employee Wage Payment Law and only applies to railroad employees, not the Defendants, Plaintiff, or individuals similarly situated to Mr. DiNofa.  (Complaint, ¶ 62.)

plaintiff is a citizen of a state different from any defendant, and where the amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets each CAFA requirement for removal, and is timely and properly removed by the filing of this Notice. Specifically, this Court has jurisdiction over this case under CAFA because it is a putative civil class action where: (1) the proposed class contains at least 100 members; (2) Defendants are not a state, state official, or other governmental entity; (3) there is diversity between at least one class member and one Defendant; and (4) the amount in controversy for all class members exceeds $5,000,000.00.

23.    As a preliminary matter, Mr. DiNofa purports to bring this case as a class action on behalf of himself and all others similarly situated pursuant to Section 1702 of Title 231 of the Pennsylvania Code. This statute authorizes an action to be brought by one or more representative persons as a class action. As such, this action is properly considered a putative class action under CAFA.

### A.    The Proposed Class Contains At Least 100 Members

24.    Mr. DiNofa defines the putative class as "all other similarly situated Uber drivers." (Complaint, ¶ 9.) A preliminary investigation has revealed that no fewer than 31,267 individuals, including Mr. DiNofa, have used Defendants' software application to generate leads in the State of Pennsylvania between May 2012 (the date when Uber launched in Pennsylvania) and the present. (Colman Decl., ¶ 3.) Accordingly, the putative class contains more than 100 members.

### B.  Defendants Are Not Governmental Entities

25.  Defendant Uber is incorporated in the State of Delaware, and maintains a principal place of business in San Francisco, California.  Defendant Rasier is a wholly owned subsidiary of Uber.  Rasier is a Delaware limited liability, and its sole member is an employee of Uber who works at Uber's Headquarters in San Francisco and is a citizen of California.  Neither Defendant is a state, state official or any other governmental entity.  (Colman Decl., ¶ 2.)

### C.  Plaintiff's Citizenship Is Diverse From Defendants' Citizenship

26.  CAFA's minimal diversity requirement is satisfied, inter alia, when "any member of a class of Plaintiffs is a citizen of a State different from any defendant."  *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453(b).  As addressed above, Mr. DiNofa is a citizen of the State of Pennsylvania and Defendants are citizens of Delaware and California.  Accordingly, diversity of citizenship exits.

### D.  Amount In Controversy

27.  Defendants need only establish that Mr. DiNofa's claims and the claims of the putative class exceed the jurisdictional minimum.  The Act authorizes the removal of putative class actions in which, among the other factors mentioned above, the aggregate amount in controversy for all class members exceeds five million dollars ($5,000,000.00).  Although Defendants deny the validity and merit of Mr. DiNofa's claims and allegations, and vigorously deny that (i) Mr. DiNofa and the putative class members are entitled to any relief, and (ii) Mr. DiNofa is a representative of the putative class, the damages claimed exceed the jurisdictional minimum.

28.     For example, assuming that Mr. DiNofa's claims are representative of the putative class (which, as stated above, Defendants dispute), each class member would seek an average of at least $17,100.00 in damages arising from Mr. DiNofa's conversion claim, and $1,526.00 in unpaid overtime compensation and liquidated damages (in addition to other damages claimed by Mr. DiNofa on behalf of himself and putative class members).[10]  In other words, the amount in controversy as to Mr. DiNofa's conversion claim totals approximately $534,665,700.00 for the class.[11]  Similarly, the amount in controversy as to Mr. DiNofa's unpaid overtime claim and liquidated damages totals approximately $47,713,442.00 for the class.[12]

29.     Accordingly, for these three claims alone, the amount in controversy is $582,379,142.00.[13]

30.     Based on the foregoing, the CAFA amount in controversy requirement is satisfied here, even without taking into consideration Mr. DiNofa's claims for gratuities, attorneys' fees, punitive damages, or his other claims.

## V.     COMPLIANCE WITH PROCEDURAL REQUIREMENTS

31.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed on November 13, 2015, which is within thirty days of Defendants' receipt of the Complaint.

32.     In accordance with 28 U.S.C. § 1446(d), Defendants have filed this Notice with this Court, are serving a copy of this Notice upon counsel for Mr. DiNofa, and are filing a copy of this Notice in the Court of Common Pleas of Philadelphia County.

---

[10] $1,026.00 (unpaid overtime compensation) + $500.00 (liquidated damages) = $1,526.00
[11] 31,267 potential putative class members X $17,100.00 = $534,665,700.00
[12] 31,267 potential putative class members X $1,526.00 = $47,713,442.00.
[13] $534,665,700.00 + $47,713,442.00 = $582,379,142.00.

33.     Defendants reserve the right to submit further evidence supporting this Notice should Mr. DiNofa move to remand.

## VI.     CONCLUSION

**WHEREFORE,** having fulfilled all statutory requirements, Defendants pray the instant action pending against them in the Court of Common Pleas of Philadelphia County, Pennsylvania, be removed to this Court and request that this Court assume full jurisdiction over this matter as provided by law.

Respectfully submitted,

Matthew J. Hank (PA #86086)
Paul C. Lantis (PA #309240)
Wendy Buckingham (PA #320259)
Littler Mendelson, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321
267.402.3000 – telephone
267.402.3131 – facsimile
mhank@littler.com
plantis@littler.com
wbuckingham@littler.com

*Attorneys for Defendants*

UBER TECHNOLOGIES, INC. and
RASIER, LLC

Dated: November 13, 2015

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSEPH DINOFA, individually, and on
behalf of all others similarly-situated,

           Plaintiffs,

    v.

UBER TECHNOLOGIES, INC. and
RAISER, LLC,

           Defendants.

Case No. _____

Judge _____

Removed from Court of Common Pleas,
Philadelphia County
Civil Action No.  150902252

## NOTICE TO ADVERSE PARTIES OF REMOVAL AND CERTIFICATE OF NOTICE
## TO PROTHONOTARY OF COURT OF COMMON PLEAS

       Pursuant to 28 U.S.C. § 1446(d), Defendants hereby give written notice to Plaintiff that a notice of removal based upon diversity jurisdiction under 28 U.S.C. § 1332(a) and original jurisdiction through the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), was filed in the above-captioned matter on November 13, 2015.  Defendants, through counsel, also certify that a notice of said filing and a copy of the notice of removal were filed with the Court of Common Pleas of Philadelphia County on November 13, 2015.

Respectfully submitted,

_____
Matthew J. Hank (PA #86086)
Paul C. Lantis (PA #309240)
Wendy Buckingham (PA #320259)
Littler Mendelson, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321
267.402.3000 – telephone
267.402.3131 – facsimile
mhank@littler.com
plantis@littler.com
wbuckingham@littler.com

*Attorneys for Defendants*

UBER TECHNOLOGIES, INC. and
RASIER, LLC

Dated:  November 13, 2015

# EXHIBIT A

IN THE COURT OF COMMON PLEAS OF
PHILADELPHIA COUNTY, PENNSYLVANIA



-------------------------------------------------------------X

JOSEPH DINOFA, individually, and on behalf of all
others similarly-situated,

               Plaintiffs,

v.

UBER TECHNOLOGIES, INC and RAISER, LLC,

               Defendants.

-------------------------------------------------------------X

**Case No:**

**Class Action**

**COMPLAINT AND
DEMAND FOR JURY TRIAL**

Plaintiff JOSEPH DINOFA, by his attorneys Imbesi Law P.C. and Napoli Law PLLC,

brings this action on behalf of himself and all other individuals who have worked or are currently

working as drivers for Defendants UBER TECHNOLOGIES INC. ("Uber") and RAISER LLC

("Raiser") (collectively, "Defendants" or "Uber"), an Uber subsidiary in the Commonwealth of

Pennsylvania.  Plaintiff seeks damages and other appropriate relief for their claims of violations

of common law and Pennsylvania Labor Law.

## INTRODUCTION

1.     Plaintiff, current and former drivers for Uber, bring this action alleging Uber's

violations of common law and Pennsylvania Labor Law, including, without limitation, Uber's (i)

failure to pay reasonable expenses incurred by Plaintiffs, including but not limited to mileage

accrued on personal vehicles and gas; (ii) unlawful withholding of  gratuities intended for drivers

but retained by Uber in violation of Pennsylvania Labor Law§333.103; (iii) unpaid minimum

wages in violation of Pennsylvania Labor Law §333.104; (iv) tortious interference of contract;

(v) breach of contract; and (vi) unjust enrichment.

2.     Plaintiff alleges that Uber has failed and continues to fail to comply with Pennsylvania Labor Law requirements due to its misclassification of drivers as independent contractors rather than employees.

3.     Plaintiff seeks damages and other appropriate relief on behalf of themselves and other similarly situated aggrieved individuals who have worked for or who are currently working for Defendants.

## PARTIES

4.     Plaintiff JOSEPH DINOFA is citizen of the Commonwealth of Pennsylvania and resident of Philadelphia County.  Plaintiff DINOFA currently works for Uber as a driver.

5.     Defendant Uber is a foreign corporation headquartered in San Francisco, California.  Defendant is authorized to conduct business and does conduct business throughout the Commonwealth of Pennsylvania.

6.     Defendant Raiser is a subsidiary of Uber and is the equivalent of Uber for the purposes of this action.

7.     At all relevant times, Uber was an "employer" within the meaning of all applicable statutes.

8.     At all relevant times, the work performed by Plaintiff and similarly situated employees was directly essential to Uber's business operations.

## CLASS ALLEGATIONS

9.     Plaintiff brings this proposed Class action pursuant to Pa. Code § 1702, on behalf of himself and all other similarly situated Uber drivers.

10.    Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or

2

amended complaint. Excluded from the Class are Defendants and their affiliates, parents, subsidiaries, employees, officers, agents, and directors; government entities or agencies, their affiliates, employees, officers, agents, and directors in their governmental capacities; any judicial officer presiding over this matter and the members of their immediate families and judicial staff; and class counsel.

11.     This action is properly maintainable as a class action. As set forth in Pa. Code § 1702, the proposed Class "is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable." As provided in in Pa. Code § 1702, "there are questions of law or fact common to the Class which predominate over any questions affecting only individual members."

12.     Among the questions of law and fact that are common to the class include, but are not limited to:

a.  Whether Defendants have charged customers a gratuity for class members' services;

b.  Whether Defendants failed to distribute the total proceeds of those gratuities to the class members;

c.  Whether Defendants have informed customers that gratuity is included in the price of the Uber service and so there is no need to tip the drivers;

d.  Whether class members have suffered damages based upon Uber's representation to customers that there is no need to tip the drivers;

e.  Whether Defendants improperly classified class members as independent contractors rather than employees;

3

     f.   Whether class members have been required to pay the expenses of their

         employment, including the cost of a vehicle, repairs, gas and tolls;

     g.   Whether Uber unlawfully denied to compensate its employees, Uber's drivers,

         those expenses; and

     h.   Whether class members were denied employee benefits as required by law.

13.     As provided in Pa. Code § 1702, the proposed lead Plaintiffs' representative claims are typical of those of the proposed Class because the proposed lead Plaintiffs' damages are based upon the same legal theories. The proposed representative Plaintiffs' grievances, like the proposed Class grievances, arise out of the same business practices and course of conduct of Defendants. Further, Plaintiffs' damages arise out of a pattern of nearly identical and repetitive business practices conducted by Defendants. Finally, the representative Plaintiffs have no special circumstances that would put them in conflict with the other members of the Class.

14.     As provided by Pa. Code § 1702, the representative Plaintiffs can adequately represent the Class. No conflict of interest exists between the representatives and the Class members or with respect to the claims for relief requested.

15.     The representatives and their chosen attorneys are familiar with the subject matter of the lawsuit and have full knowledge of the allegations contained in this complaint so as to be able to assist in its prosecution. In addition, the representatives' attorneys are competent in the relevant areas of the law and have sufficient experience to vigorously represent the Class. Furthermore, the resources available to Class counsel ensure that the litigation will not be hampered by a lack of financial capacity. Plaintiffs' attorneys have sufficient financial resources and are willing to absorb the costs of this litigation.

Case ID: 150902252

16.     As provided by Pa. Code § 1702, a class action is superior to any other available method for adjudicating this controversy.  This proposed class action is the surest way to fairly and expeditiously compensate so large a number of injured persons; to keep the courts from becoming paralyzed by hundreds, perhaps thousands of repetitive cases, and to reduce transaction costs so that the injured Class can obtain the most compensation possible.  Class treatment of this controversy presents a superior mechanism for fairly resolving similar issues and claims without repetitious and wasteful litigation.

## JURISDICTION AND VENUE

17.     This Court has personal jurisdiction over Defendants pursuant to Pa. Code § 5322 because Defendant Uber is a foreign business corporation that is authorized to conduct business in the Commonwealth of Pennsylvania and does conduct business in the Commonwealth of Pennsylvania, and Defendant Raiser is a Pennsylvania business corporation that is authorized to conduct business in the Commonwealth of Pennsylvania and does conduct business in the Commonwealth of Pennsylvania.

18.     Venue is proper in this case pursuant to Pa. Code § 1006 because the cause of action arose in Philadelphia County.

## STATEMENT OF FACTS

19.     Uber compensates its drivers weekly.  Uber takes a percentage of the total fares driven and the driver receives the remainder of the fare.  Because Uber classifies its drivers as independent contractors, Plaintiffs had to pay expenses, including gas, tolls, car repairs and lease payments, from their portion of the fare.

Case ID: 150902252

20.     Uber also deducts a $1 "safe ride" fee from each fare which is allegedly used to pay for background checks, driver safety education and development of safety features in its mobile application – an expense the employer should pay, not the employee.

### A. Plaintiff Joseph Dinofa

21.     In October of 2014, Plaintiff JOSEPH DINOFA began driving for Uber as an "UberX" driver.

22.     Initially, Plaintiff DINOFA drove eight (8) to twelve (12) hours per week.  In or about May of 2015, Plaintiff DINOFA increased his hours to full-time, driving between forty (40) and fifty (50) hours per week.

23.     Plaintiff DINOFA's compensation varied depending on the amount of hours worked per week.

24.     Plaintiff DINOFA has incurred between $50 to $300 each week in expenses, including gas, tolls, lease payments and car repairs. In the beginning, after paying for the expenses, Plaintiff DINOFA earned approximately $80 per week.

25.     During his employment, Plaintiff DINOFA was not compensated for any employment related expenses.

### A. Misclassification of Drivers

26.     Plaintiffs allege that Uber uniformly misclassifies all of its drivers as independent contractors when they should be classified and treated as employees.

27.     Uber exerts significant control over its drivers.  For example, upon signing a license agreement to work for Uber, all new drivers must watch a training video demonstrating how Uber wants its drivers to interact with customers.

6

Case ID: 150902252

28.     Uber also unilaterally sets the fares for all rides and drivers are required to charge the cost determined solely by Uber.

29.     In addition, all drivers for Uber must maintain an average customer star evaluation of at least 4.5 out of a possible 5 stars.  Instructions on how to improve one's star rating are given to drivers who fall below this average in any given week.  If a driver fails to maintain an average customer rating of 4.5, Uber will deactivate his or her ability to use the application to pick up customers, an action tantamount to terminating the driver "at will," a hallmark of an employee-employer relationship.

30.     As a result of its misclassification, Uber failed to provide Plaintiffs and other similarly aggrieved employees with itemized wage statements, minimum wages, lawful meal and rest periods, and reimbursement for necessary employment related expenses.  Uber also failed to keep accurate payroll records showing aggrieved employees' hours worked and wages paid.

31.     Uber also retained all gratuities owed to aggrieved employees despite representing to its customers and advertising that gratuity is included in the total cost of the car service.

32.     Uber specifically advertises to its customers that tips are included in the cost of the fare:

## DO I NEED TO TIP MY DRIVER?

You don't need cash when you ride with Uber. Once you arrive at your destination, your fare is automatically charged to your credit card on file — there's no need to tip.

33.     Despite Uber's representation that gratuity is included in the cost of the fare, Uber drivers are not compensated for gratuities.  Significantly, Uber specifically instructed its drivers to refuse a cash gratuity if offered.

7

## COUNT I
## TORTIOUS INTERFERENCE WITH CONTRACT & BUSINESS RELATIONS

34.    Plaintiff, on behalf of himself and the proposed class, repeats and realleges all preceding paragraphs as if fully set forth herein.

35.    Defendants' website sets forth:

# DO I NEED TO TIP MY DRIVER?

You don't need cash when you ride with Uber. Once you arrive at your destination, your fare is automatically charged to your credit card on file — there's no need to tip

36.    Defendants' conduct, in failing to remit the total proceeds of gratuities to drivers, constitutes unlawful tortious interference with the contractual and/or advantageous relationship that exists between the drivers and customers, under state common law.

37.    Defendants' conduct, informing customers "there is no need to tip," constitutes unlawful tortious interference with the contractual and/or advantageous relationship that exists between the drivers and customers, under Pennsylvania common law.

38.    Defendants had a contract with Plaintiffs, were aware of those contracts, intentionally procured the breach of those contracts, and caused Plaintiffs damages thereby.

## COUNT II
## BREACH OF CONTRACT

39.    Plaintiff, on behalf of himself and the proposed class, repeats and realleges all preceding paragraphs as if fully set forth herein.

40.    Defendants' conduct constitutes a breach of contract under state common law. Defendants have a contract with the drivers to remit to them the total proceeds of all gratuities.

8

41.    At all times, Uber withheld and continues to withhold gratuities given by customers to Uber drivers and/or gratuities that are incorporated into the set fare.

42.    Uber's withholding of these gratuities constitutes a breach of contract.

## COUNT III
## UNJUST ENRICHMENT

43.    Plaintiff, on behalf of himself and the proposed class, repeats and realleges all preceding paragraphs as if fully set forth herein.

44.    Defendants unlawfully retained gratuities owed to the drivers.

45.    As a result, Defendants have been unjustly enriched through their retention of a portion of the gratuities owed to the drivers.

46.    Plaintiffs and the class members are entitled to restitution for their full share of the proceeds of the improperly retained gratuities.

## COUNT IV
## CONVERSION

47.    Plaintiff, on behalf of himself and the proposed class, repeats and realleges all preceding paragraphs as if fully set forth herein.

48.    Defendants unlawfully took Plaintiffs' property, namely tips and money spent for expenses, without Plaintiffs' permission.

49.    As a result, Plaintiffs were harmed and class members are entitled to restitution for their full share of proceeds, as well as treble damages.

## COUNT V
## UNFAIR COMPETITION

50.    Plaintiff, on behalf of himself and the proposed class, repeats and realleges all preceding paragraphs as if fully set forth herein.

9

51.     Defendants' activities have caused confusion with, or have been mistaken for, Plaintiffs' activities in the mind of the public, or are likely to cause such confusion or mistake; or Defendants have acted unfairly in some manner.

52.     Plaintiffs' property rights, specifically gratuities and expenses, were misappropriated by Defendants for their commercial advantage.

53.     Defendants unjustly profited by Plaintiffs' expenditure of time, labor and talent.

## COUNT VI
## FRAUD AND MISREPRESENTATION

54.     Plaintiff, on behalf of himself and the proposed class, repeats and realleges all preceding paragraphs as if fully set forth herein.

55.     Defendants made a material representation of fact, that Plaintiffs would receive gratuities, which was untrue, which Defendants knew was an untrue statement at the time, with the intent to deceive, which Plaintiffs justifiably relied upon, causing Plaintiffs to incur damages.

56.     Defendants also informed Plaintiff and proposed class members that they would receive a cancellation fee refund if a passenger cancelled, which Defendants knew was an untrue statement at the time, with the intent to deceive, which Plaintiff justifiably relied upon, causing Plaintiff to incur damages.

57.     Defendants made a material representation of fact, that Plaintiff would receive a card for discounted gas, which Defendants knew was an untrue statement at the time, with the intent to deceive, which Plaintiff justifiably relied upon, causing Plaintiff to incur damages.

## COUNT VII
## VIOLATIONS OF PENNSYLVANIA LABOR LAW

10

Case ID: 150902252

58.   Plaintiff, on behalf of himself and the proposed class, repeats and realleges all preceding paragraphs as if fully set forth herein.

59.   Despite the existence of an agreement indicating Plaintiffs are independent contractors, the treatment of Plaintiffs and control exercised by Uber indicate that Plaintiffs are employees.

60.   Plaintiffs seek damages pursuant to Pennsylvania Labor Law for violations of the following sections:

  a. failure to provide prompt payment of wages to driver employees upon termination and resignation in violation of Labor Law §260.5;

  b. failure to provide meal and rest periods to its female drivers in violation Labor Law §107;

  c. failure to pay portions of gratuities intended for driver employees in violation of Labor Law §333.103;

  d. failure to keep required payroll records in violation of Labor Law §260.8;

  e. failure to pay minimum wages in violation of Labor Law §333.104.

61.   As a result of Uber's violations, Plaintiffs are entitled to recover damages associated with the wages and benefits withheld in violation of Pennsylvania Labor Law, as well as attorneys' fees pursuant to Pennsylvania Labor Law §260.9a.

62.   In addition, Plaintiffs seek the imposition of penalties on the Defendants with respect to the applicable provisions of Pennsylvania Labor Law §255.3.

## **REQUEST FOR RELIEF**

**WHEREFORE,** Plaintiffs, individually and on behalf of the proposed class, request relief against the Defendants as follows:

Case ID: 150902252

a. An award of damages, including compensatory, punitive, and treble damages, in an amount to be determined at trial;

b. Notice to the Classes of the action;

c. An injunction against Defendants prohibiting Defendants from engaging in each of the unlawful practices, policies and patterns set forth herein;

d. Liquidated damages, pursuant to the Pennsylvania Labor Law;

e. Reasonable attorneys' fees and costs of this action;

f. Pre-judgment and post-judgment interest as provided by law; and

g. An Order requiring that Defendants return to Plaintiffs any gratuities and any other funds wrongfully kept by Defendants; and

h. Such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Plaintiffs, on behalf of themselves and the proposed class, demand a trial by jury on all claims so triable.

Dated: Baltimore, Maryland
   September 21, 2015

Respectfully submitted,

NAPOLI LAW PLLC

_____
George Tankard, Esq.
400 East Pratt Street, Suite 849
Baltimore, Maryland 21202
(212) 397-1000

IMBESI LAW P.C.

/s/ *Brittany Weiner*
Brittany Weiner (pro hac vice pending)
450 Seventh Avenue, Suite 1408
New York, New York 10123
(212) 736-0007 (Phone)
*Attorneys for Plaintiff*

12

Case ID: 150902252

# EXHIBIT B

## *NATIONAL REGISTERED AGENTS, INC.*

### *SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM*

To:  **SHIRIN SCHOKRPUR**
**UBER TECHNOLOGIES, INC.**
**1455 Market St Fl 4**
**San Francisco, CA 94103-1355**

**SOP Transmittal #  528001277**

**213-337-4615 - Telephone**

Entity Served:  UBER TECHNOLOGIES, INC. (Domestic State: DELAWARE)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of CALIFORNIA on this 16 day of October, 2015. The following is a summary of the document(s) received:

1.  **Title of Action:**  JOSEPH DINOFA, individually, and on behalf of all others similarly-situated, Pltfs. vs. UBER TECHNOLOGIES, INC and RAISER, LLC, Dfts.

2.  **Document(s) Served:**  SUMMONS & COMPLAINT
Other: Cover Sheet, Praecipe, Verification

3.  **Court of Jurisdiction/Case Number:** PHILADELPHIA COUNTY - COURT OF COMMON PLEAS, PA
Case # 150902252

4.  **Amount Claimed, if any:**  N/A

5.  **Method of Service:**

_X_ Personally served by:        _X_ Process Server        ___ Deputy Sheriff        ___ U. S Marshall

___ Delivered Via:        ___ Certified Mail        ___ Regular Mail        ___ Facsimile

___ Other (Explain):

6.  **Date and Time of Receipt:**   10/16/2015 02:50:00 PM CST

7.  **Appearance/Answer Date:**  None Specified

8.  **Received From:**   George Tankard
NAPOLI LAW PLLC
400 East Pratt Street
Suite 849
Baltimore, MD 21202
212-397-1000

9.  **Federal Express Airbill #** 781532628593

10. **Call Made to:** Not required

11.     **Special Comments:**
SOP Papers with Transmittal, via Fed Ex 2 Day

Image SOP

Email Notification, SALLE YOO SOP@UBER.COM

Email Notification, Alan Grubbe alan.grubbe@uber.com

Email Notification, Claudia Moreno claudia.moreno@uber.com

Email Notification, Karen Toro ktoro@uber.com

**NATIONAL REGISTERED AGENTS, INC.**                    **CopiesTo:**

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

## NATIONAL REGISTERED AGENTS, INC.
### SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To:  SHIRIN SCHOKRPUR
     UBER TECHNOLOGIES, INC.
     1455 Market St Fl 4
     San Francisco, CA 94103-1355

SOP Transmittal #  528001277

213-337-4615 - Telephone

Entity Served:  UBER TECHNOLOGIES, INC.  (Domestic State: DELAWARE)

Transmitted by  Nancy Flores

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

10-16-15
P2.50pm

C.P.57

# Commonwealth of Pennsylvania

### CITY AND COUNTY OF PHILADELPHIA

SUMMONS
*CITACION*

Joseph Dinofa individually and
on behalf of all others similarly
situated

COURT OF COMMON PLEAS

No. _____

*vs.*

Uber Technologies, Inc. and Raiser, LLC

To[1]
__Uber Technologies, Inc.__
Raiser, LLC
1455 Market Street, 4th Floor
San Francisco, CA 94103

You are notified that the Plaintiff[2]
*Usted esta avisado que el demandante[2]*

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*



JOSEPH H. EVERS
*Prothonotary*



By _____

Date _____

[1] Name(s) of Defendant(s)
[2] Name(s) of Plaintiff(s)

10-208 (Rev. 6/00)

Case ID: 150902252

Case ID: 150902252

COURT OF COMMON PLEAS

_____ Term, 20 ___ No. _____

vs.

SUMMONS

IN THE COURT OF COMMON PLEAS OF
PHILADELPHIA COUNTY, PENNSYLVANIA

-------------------------------------------------------------X

JOSEPH DINOFA, individually, and on behalf of all
others similarly-situated,

               Plaintiffs,                              **Case No:**

    v.                                          **Class Action**

UBER TECHNOLOGIES, INC and RAISER, LLC,     **COMPLAINT AND**
                                                    **DEMAND FOR JURY TRIAL**

               Defendants.

-------------------------------------------------------------X

       Plaintiff JOSEPH DINOFA, by his attorneys Imbesi Law P.C. and Napoli Law PLLC,

brings this action on behalf of himself and all other individuals who have worked or are currently

working as drivers for Defendants UBER TECHNOLOGIES INC. ("Uber") and RAISER LLC

("Raiser") (collectively, "Defendants" or "Uber"), an Uber subsidiary in the Commonwealth of

Pennsylvania. Plaintiff seeks damages and other appropriate relief for their claims of violations

of common law and Pennsylvania Labor Law.

## INTRODUCTION

      1.     Plaintiff, current and former drivers for Uber, bring this action alleging Uber's

violations of common law and Pennsylvania Labor Law, including, without limitation, Uber's (i)

failure to pay reasonable expenses incurred by Plaintiffs, including but not limited to mileage

accrued on personal vehicles and gas; (ii) unlawful withholding of gratuities intended for drivers

but retained by Uber in violation of Pennsylvania Labor Law§333.103; (iii) unpaid minimum

wages in violation of Pennsylvania Labor Law §333.104; (iv) tortious interference of contract;

(v) breach of contract; and (vi) unjust enrichment.

Case ID: 150902252

2.    Plaintiff alleges that Uber has failed and continues to fail to comply with Pennsylvania Labor Law requirements due to its misclassification of drivers as independent contractors rather than employees.

3.    Plaintiff seeks damages and other appropriate relief on behalf of themselves and other similarly situated aggrieved individuals who have worked for or who are currently working for Defendants.

## PARTIES

4.    Plaintiff JOSEPH DINOFA is citizen of the Commonwealth of Pennsylvania and resident of Philadelphia County. Plaintiff DINOFA currently works for Uber as a driver.

5.    Defendant Uber is a foreign corporation headquartered in San Francisco, California. Defendant is authorized to conduct business and does conduct business throughout the Commonwealth of Pennsylvania.

6.    Defendant Raiser is a subsidiary of Uber and is the equivalent of Uber for the purposes of this action.

7.    At all relevant times, Uber was an "employer" within the meaning of all applicable statutes.

8.    At all relevant times, the work performed by Plaintiff and similarly situated employees was directly essential to Uber's business operations.

## CLASS ALLEGATIONS

9.    Plaintiff brings this proposed Class action pursuant to Pa. Code § 1702, on behalf of himself and all other similarly situated Uber drivers.

10.    Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or

2

Case ID: 150902252

amended complaint. Excluded from the Class are Defendants and their affiliates, parents, subsidiaries, employees, officers, agents, and directors; government entities or agencies, their affiliates, employees, officers, agents, and directors in their governmental capacities; any judicial officer presiding over this matter and the members of their immediate families and judicial staff; and class counsel.

11.     This action is properly maintainable as a class action.  As set forth in Pa. Code § 1702, the proposed Class "is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable."  As provided in in Pa. Code § 1702, "there are questions of law or fact common to the Class which predominate over any questions affecting only individual members."

12.     Among the questions of law and fact that are common to the class include, but are not limited to:

    a.  Whether Defendants have charged customers a gratuity for class members' services;

    b.  Whether Defendants failed to distribute the total proceeds of those gratuities to the class members;

    c.  Whether Defendants have informed customers that gratuity is included in the price of the Uber service and so there is no need to tip the drivers;

    d.  Whether class members have suffered damages based upon Uber's representation to customers that there is no need to tip the drivers;

    e.  Whether Defendants improperly classified class members as independent contractors rather than employees;

3

    f.   Whether class members have been required to pay the expenses of their employment, including the cost of a vehicle, repairs, gas and tolls;

    g.   Whether Uber unlawfully denied to compensate its employees, Uber's drivers, those expenses; and

    h.   Whether class members were denied employee benefits as required by law.

13.    As provided in Pa. Code § 1702, the proposed lead Plaintiffs' representative claims are typical of those of the proposed Class because the proposed lead Plaintiffs' damages are based upon the same legal theories. The proposed representative Plaintiffs' grievances, like the proposed Class grievances, arise out of the same business practices and course of conduct of Defendants. Further, Plaintiffs' damages arise out of a pattern of nearly identical and repetitive business practices conducted by Defendants. Finally, the representative Plaintiffs have no special circumstances that would put them in conflict with the other members of the Class.

14.    As provided by Pa. Code § 1702, the representative Plaintiffs can adequately represent the Class. No conflict of interest exists between the representatives and the Class members or with respect to the claims for relief requested.

15.    The representatives and their chosen attorneys are familiar with the subject matter of the lawsuit and have full knowledge of the allegations contained in this complaint so as to be able to assist in its prosecution. In addition, the representatives' attorneys are competent in the relevant areas of the law and have sufficient experience to vigorously represent the Class. Furthermore, the resources available to Class counsel ensure that the litigation will not be hampered by a lack of financial capacity. Plaintiffs' attorneys have sufficient financial resources and are willing to absorb the costs of this litigation.

4

16.     As provided by Pa. Code § 1702, a class action is superior to any other available method for adjudicating this controversy. This proposed class action is the surest way to fairly and expeditiously compensate so large a number of injured persons; to keep the courts from becoming paralyzed by hundreds, perhaps thousands of repetitive cases, and to reduce transaction costs so that the injured Class can obtain the most compensation possible. Class treatment of this controversy presents a superior mechanism for fairly resolving similar issues and claims without repetitious and wasteful litigation.

### JURISDICTION AND VENUE

17.     This Court has personal jurisdiction over Defendants pursuant to Pa. Code § 5322 because Defendant Uber is a foreign business corporation that is authorized to conduct business in the Commonwealth of Pennsylvania and does conduct business in the Commonwealth of Pennsylvania, and Defendant Raiser is a Pennsylvania business corporation that is authorized to conduct business in the Commonwealth of Pennsylvania and does conduct business in the Commonwealth of Pennsylvania.

18.     Venue is proper in this case pursuant to Pa. Code § 1006 because the cause of action arose in Philadelphia County.

### STATEMENT OF FACTS

19.     Uber compensates its drivers weekly. Uber takes a percentage of the total fares driven and the driver receives the remainder of the fare. Because Uber classifies its drivers as independent contractors, Plaintiffs had to pay expenses, including gas, tolls, car repairs and lease payments, from their portion of the fare.

5

Case ID: 150902252

20.     Uber also deducts a $1 "safe ride" fee from each fare which is allegedly used to pay for background checks, driver safety education and development of safety features in its mobile application – an expense the employer should pay, not the employee.

**A. Plaintiff Joseph Dinofa**

21.     In October of 2014, Plaintiff JOSEPH DINOFA began driving for Uber as an "UberX" driver.

22.     Initially, Plaintiff DINOFA drove eight (8) to twelve (12) hours per week.  In or about May of 2015, Plaintiff DINOFA increased his hours to full-time, driving between forty (40) and fifty (50) hours per week.

23.     Plaintiff DINOFA's compensation varied depending on the amount of hours worked per week.

24.     Plaintiff DINOFA has incurred between $50 to $300 each week in expenses, including gas, tolls, lease payments and car repairs. In the beginning, after paying for the expenses, Plaintiff DINOFA earned approximately $80 per week.

25.     During his employment, Plaintiff DINOFA was not compensated for any employment related expenses.

**A. Misclassification of Drivers**

26.     Plaintiffs allege that Uber uniformly misclassifies all of its drivers as independent contractors when they should be classified and treated as employees.

27.     Uber exerts significant control over its drivers.  For example, upon signing a license agreement to work for Uber, all new drivers must watch a training video demonstrating how Uber wants its drivers to interact with customers.

6

28.     Uber also unilaterally sets the fares for all rides and drivers are required to charge the cost determined solely by Uber.

29.     In addition, all drivers for Uber must maintain an average customer star evaluation of at least 4.5 out of a possible 5 stars.  Instructions on how to improve one's star rating are given to drivers who fall below this average in any given week.  If a driver fails to maintain an average customer rating of 4.5, Uber will deactivate his or her ability to use the application to pick up customers, an action tantamount to terminating the driver "at will," a hallmark of an employee-employer relationship.

30.     As a result of its misclassification, Uber failed to provide Plaintiffs and other similarly aggrieved employees with itemized wage statements, minimum wages, lawful meal and rest periods, and reimbursement for necessary employment related expenses.  Uber also failed to keep accurate payroll records showing aggrieved employees' hours worked and wages paid.

31.     Uber also retained all gratuities owed to aggrieved employees despite representing to its customers and advertising that gratuity is included in the total cost of the car service.

32.     Uber specifically advertises to its customers that tips are included in the cost of the fare:

## DO I NEED TO TIP MY DRIVER?

You don't need cash when you ride with Uber. Once you arrive at your destination, your fare is automatically charged to your credit card on file – there's no need to tip.

33.     Despite Uber's representation that gratuity is included in the cost of the fare, Uber drivers are not compensated for gratuities.  Significantly, Uber specifically instructed its drivers to refuse a cash gratuity if offered.

7

## COUNT I
## TORTIOUS INTERFERENCE WITH CONTRACT & BUSINESS RELATIONS

34.    Plaintiff, on behalf of himself and the proposed class, repeats and realleges all preceding paragraphs as if fully set forth herein.

35.    Defendants' website sets forth:

## DO I NEED TO TIP MY DRIVER?

You don't need cash when you ride with Uber. Once you arrive at your destination, your fare is automatically charged to your credit card on file – there's no need to tip.

36.    Defendants' conduct, in failing to remit the total proceeds of gratuities to drivers, constitutes unlawful tortious interference with the contractual and/or advantageous relationship that exists between the drivers and customers, under state common law.

37.    Defendants' conduct, informing customers "there is no need to tip," constitutes unlawful tortious interference with the contractual and/or advantageous relationship that exists between the drivers and customers, under Pennsylvania common law.

38.    Defendants had a contract with Plaintiffs, were aware of those contracts, intentionally procured the breach of those contracts, and caused Plaintiffs damages thereby.

## COUNT II
## BREACH OF CONTRACT

39.    Plaintiff, on behalf of himself and the proposed class, repeats and realleges all preceding paragraphs as if fully set forth herein.

40.    Defendants' conduct constitutes a breach of contract under state common law. Defendants have a contract with the drivers to remit to them the total proceeds of all gratuities.

8

Case ID: 150902252

41.     At all times, Uber withheld and continues to withhold gratuities given by customers to Uber drivers and/or gratuities that are incorporated into the set fare.

42.     Uber's withholding of these gratuities constitutes a breach of contract.

## COUNT III
## UNJUST ENRICHMENT

43.     Plaintiff, on behalf of himself and the proposed class, repeats and realleges all preceding paragraphs as if fully set forth herein.

44.     Defendants unlawfully retained gratuities owed to the drivers.

45.     As a result, Defendants have been unjustly enriched through their retention of a portion of the gratuities owed to the drivers.

46.     Plaintiffs and the class members are entitled to restitution for their full share of the proceeds of the improperly retained gratuities.

## COUNT IV
## CONVERSION

47.     Plaintiff, on behalf of himself and the proposed class, repeats and realleges all preceding paragraphs as if fully set forth herein.

48.     Defendants unlawfully took Plaintiffs' property, namely tips and money spent for expenses, without Plaintiffs' permission.

49.     As a result, Plaintiffs were harmed and class members are entitled to restitution for their full share of proceeds, as well as treble damages.

## COUNT V
## UNFAIR COMPETITION

50.     Plaintiff, on behalf of himself and the proposed class, repeats and realleges all preceding paragraphs as if fully set forth herein.

9

Case ID: 150902252

51.   Defendants' activities have caused confusion with, or have been mistaken for, Plaintiffs' activities in the mind of the public, or are likely to cause such confusion or mistake; or Defendants have acted unfairly in some manner.

52.   Plaintiffs' property rights, specifically gratuities and expenses, were misappropriated by Defendants for their commercial advantage.

53.   Defendants unjustly profited by Plaintiffs' expenditure of time, labor and talent.

## COUNT VI
## FRAUD AND MISREPRESENTATION

54.   Plaintiff, on behalf of himself and the proposed class, repeats and realleges all preceding paragraphs as if fully set forth herein.

55.   Defendants made a material representation of fact, that Plaintiffs would receive gratuities, which was untrue, which Defendants knew was an untrue statement at the time, with the intent to deceive, which Plaintiffs justifiably relied upon, causing Plaintiffs to incur damages.

56.   Defendants also informed Plaintiff and proposed class members that they would receive a cancellation fee refund if a passenger cancelled, which Defendants knew was an untrue statement at the time, with the intent to deceive, which Plaintiff justifiably relied upon, causing Plaintiff to incur damages.

57.   Defendants made a material representation of fact, that Plaintiff would receive a card for discounted gas, which Defendants knew was an untrue statement at the time, with the intent to deceive, which Plaintiff justifiably relied upon, causing Plaintiff to incur damages.

## COUNT VII
## VIOLATIONS OF PENNSYLVANIA LABOR LAW

10

Case ID: 150902252

58.    Plaintiff, on behalf of himself and the proposed class, repeats and realleges all preceding paragraphs as if fully set forth herein.

59.    Despite the existence of an agreement indicating Plaintiffs are independent contractors, the treatment of Plaintiffs and control exercised by Uber indicate that Plaintiffs are employees.

60.    Plaintiffs seek damages pursuant to Pennsylvania Labor Law for violations of the following sections:

      a.    failure to provide prompt payment of wages to driver employees upon termination and resignation in violation of Labor Law §260.5;

      b.    failure to provide meal and rest periods to its female drivers in violation Labor Law §107;

      c.    failure to pay portions of gratuities intended for driver employees in violation of Labor Law §333.103;

      d.    failure to keep required payroll records in violation of Labor Law §260.8;

      e.    failure to pay minimum wages in violation of Labor Law §333.104.

61.    As a result of Uber's violations, Plaintiffs are entitled to recover damages associated with the wages and benefits withheld in violation of Pennsylvania Labor Law, as well as attorneys' fees pursuant to Pennsylvania Labor Law §260.9a.

62.    In addition, Plaintiffs seek the imposition of penalties on the Defendants with respect to the applicable provisions of Pennsylvania Labor Law §255.3.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of the proposed class, request relief against the Defendants as follows:

11

Case ID: 150902252

a. An award of damages, including compensatory, punitive, and treble damages, in an amount to be determined at trial;

b. Notice to the Classes of the action;

c. An injunction against Defendants prohibiting Defendants from engaging in each of the unlawful practices, policies and patterns set forth herein;

d. Liquidated damages, pursuant to the Pennsylvania Labor Law;

e. Reasonable attorneys' fees and costs of this action;

f. Pre-judgment and post-judgment interest as provided by law; and

g. An Order requiring that Defendants return to Plaintiffs any gratuities and any other funds wrongfully kept by Defendants; and

h. Such other and further relief that the Court may deem just and proper.

## **JURY DEMAND**

Plaintiffs, on behalf of themselves and the proposed class, demand a trial by jury on all claims so triable.

Dated: Baltimore, Maryland
      September 21, 2015

Respectfully submitted,

NAPOLI LAW PLLC

_____
George Tankard, Esq.
400 East Pratt Street, Suite 849
Baltimore, Maryland 21202
(212) 397-1000

IMBESI LAW P.C.

/s/ *Brittany Weiner*
Brittany Weiner (pro hac vice pending)
450 Seventh Avenue, Suite 1408
New York, New York 10123
(212) 736-0007 (Phone)
*Attorneys for Plaintiff*

12

Case ID: 150902252

**Court of Common Pleas of Philadelphia County**
**Trial Division**
# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**SEPTEMBER 2015**
E-Filing Number: 1509042466

**002252**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| JOSEPH DINOFA | UBER TECHNOLOGIES |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 2512 SOUTH SARTAIN<br>PHILADELPHIA PA 19148 | 1455 MARKET STREET 4TH FLOOR<br>SAN FRANCISCO CA 94103 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | RAISER, LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 1455 MARKET STREET 4TH FLOOR<br>SAN FRANCISCO CA 94103 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | ☒ Complaint ☐ Petition Action ☐ Notice of Appeal<br>☐ Writ of Summons ☐ Transfer From Other Jurisdictions |

**AMOUNT IN CONTROVERSY**
☐ $50,000.00 or less
☒ More than $50,000.00

**COURT PROGRAMS**
☐ Arbitration ☐ Mass Tort ☐ Commerce ☐ Settlement
☐ Jury ☐ Savings Action ☐ Minor Court Appeal ☐ Minors
☐ Non-Jury ☐ Petition ☐ Statutory Appeals ☐ W/D/Survival
☒ Other: CLASS ACTION

**CASE TYPE AND CODE**
C1 – CLASS ACTION

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER?<br>YES    NO |
|---|---|---|

**FILED**
**PRO PROTHY**
SEP 22 2015
K. EDWARDS

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: JOSEPH DINOFA

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| GEORGE G. TANKARD | 400 EAST PRATT STREET<br>SUITE 849<br>BALTIMORE MD 21202 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (443)274-5733 | none entered |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 91186 | GTankard@napolilaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| GEORGE TANKARD | Tuesday, September 22, 2015, 12:44 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

CP 88-P

BY:
GEORGE TANKARD III, ESQUIRE
400 EAST PRATT STREET
SUITE 849
BALTIMORE, MD 21202                          Attorney for Plaintiff



TELEPHONE NO.
(212) 397-1000

| | |
|---|---|
| JOSEPH DINOFA, INDIVIDUALLY, AND ON BEHALF OF ALL SIMILARLY-SITUATED, | PHILADELPHIA COUNTY COURT OF COMMON PLEAS TRIAL DIVISION |
| vs. | |
| UBER TECHNOLOGIES, INC. AND RAISER, LLC | _____Term, 20_____ |
| | No. |

PHILADELPHIA COUNTY
COURT OF COMMON PLEAS
TRIAL DIVISION

_____Term, 20_____

No.

## Praecipe for Defendant

TO THE PROTHONOTARY:

Kindly issue a Writ to <u>UBER TECHNOLOGIES, INC AND RAISER, LLC</u> as a defendant in the above-captioned matter.

_____
*Attorney for Plaintiff*

Case ID: 150902252

10-201 (Rev. 1/01)

Case ID: 150902252

COMMON WEALTH OF PENNSYLVANIA    :

                                          :     SS

COUNTY OF PHILADLEPHIA           :



## VERIFICATION

      Joseph Dinofa, being duly sworn according to law, deposes and says that he is the

Plaintiff in this matter and that the facts set forth in the foregoing pleadings are true and correct

to the best of his knowledge, information and belief. I understand that the statements herein are

subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsifications to

authorities.

                                    Joseph Dinofa

                                    Date: 9/17/45

Case ID: 150902252

# EXHIBIT C

## *NATIONAL REGISTERED AGENTS, INC.*

### *SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM*

To: SHIRIN SCHOKRPUR
UBER TECHNOLOGIES, INC.
1455 Market St Fl 4
San Francisco, CA 94103-1355

SOP Transmittal #  **528001567**

213-337-4615 - Telephone

Entity Served:  RASIER, LLC  (Domestic State: DELAWARE)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of CALIFORNIA on this 16 day of October, 2015. The following is a summary of the document(s) received:

| | | |
|---|---|---|
| 1. | **Title of Action:** | JOSEPH DINOFA, individually, and on behalf of all others similarly-situated, Pltfs. vs. UBER TECHNOLOGIES, INC and RAISER, LLC, Dfts. |
| 2. | **Document(s) Served:** | SUMMONS & COMPLAINT Other: Cover Sheet, Praecipe, Verification |
| 3. | **Court of Jurisdiction/Case Number:** | PHILADELPHIA COUNTY - COURT OF COMMON PLEAS, PA Case # NONE |
| 4. | **Amount Claimed, if any:** | N/A |

5. **Method of Service:**

 _X_ Personally served by:  _X_ Process Server  ___ Deputy Sheriff  ___ U. S Marshall

 ___ Delivered Via:  ___ Certified Mail  ___ Regular Mail  ___ Facsimile

 ___ Other (Explain):

6. **Date and Time of Receipt:**  10/16/2015 02:50:00 PM CST

7. **Appearance/Answer Date:**  None Specified

8. **Received From:**  George Tankard
 NAPOLI LAW PLLC
 400 East Pratt Street
 Suite 849
 Baltimore, MD 21202
 212-397-1000

9. **Federal Express Airbill #** 781532628593

10. **Call Made to:** Not required

11. **Special Comments:**

SOP Papers with Transmittal, via Fed Ex 2 Day

Image SOP

Email Notification, SALLE YOO  SOP@UBER.COM

Email Notification, Alan Grubbe  alan.grubbe@uber.com

Email Notification, Claudia Moreno  claudia.moreno@uber.com

Email Notification, Karen Toro  ktoro@uber.com

**NATIONAL REGISTERED AGENTS, INC.**          **CopiesTo:**

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

## NATIONAL REGISTERED AGENTS, INC.

### SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: SHIRIN SCHOKRPUR
UBER TECHNOLOGIES, INC.
1455 Market St Fl 4
San Francisco, CA 94103-1355

SOP Transmittal #  **528001567**

213-337-4615 - Telephone

Entity Served:  RASIER, LLC  (Domestic State: DELAWARE)

Transmitted by  Nancy Flores

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

10-16-15
@ 2:50pm

CP.57

# Commonwealth of Pennsylvania

SUMMONS
*CITACION*

## CITY AND COUNTY OF PHILADELPHIA

Joseph Dinofa individually and
on behalf of all others similarly
situated

COURT OF COMMON PLEAS



No. _____

*vs.*

Uber Technologies, Inc. and Raiser, LLC

To[1]    Uber Technologies, Inc.
Raiser, LLC
1455 Market Street, 4th Floor
San Francisco, CA 94103

You are notified that the Plaintiff[2]
*Usted esta avisado que el demandante[2]*

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*





JOSEPH H. EVERS
*Prothonotary*

150902252
22 SEP 2015 12:44 pm
K. EDWARDS

By _____

Date _____

[1] Name(s) of Defendant(s)
[2] Name(s) of Plaintiff(s)

10-208 (Rev. 6/00)

Case ID: 150902252

COURT OF COMMON PLEAS

_____Term, 20 ____ No. _____

vs.

SUMMONS

Case ID: 150902252

IN THE COURT OF COMMON PLEAS OF
PHILADELPHIA COUNTY, PENNSYLVANIA

------------------------------------------------------X

JOSEPH DINOFA, individually, and on behalf of all
others similarly-situated,

              **Plaintiffs,**

    v.

UBER TECHNOLOGIES, INC and RAISER, LLC,

              **Defendants.**

------------------------------------------------------X

**Case No:**

**Class Action**

**COMPLAINT AND
DEMAND FOR JURY TRIAL**

      Plaintiff JOSEPH DINOFA, by his attorneys Imbesi Law P.C. and Napoli Law PLLC,

brings this action on behalf of himself and all other individuals who have worked or are currently

working as drivers for Defendants UBER TECHNOLOGIES INC. ("Uber") and RAISER LLC

("Raiser") (collectively, "Defendants" or "Uber"), an Uber subsidiary in the Commonwealth of

Pennsylvania.  Plaintiff seeks damages and other appropriate relief for their claims of violations

of common law and Pennsylvania Labor Law.

## INTRODUCTION

    1.      Plaintiff, current and former drivers for Uber, bring this action alleging Uber's

violations of common law and Pennsylvania Labor Law, including, without limitation, Uber's (i)

failure to pay reasonable expenses incurred by Plaintiffs, including but not limited to mileage

accrued on personal vehicles and gas; (ii) unlawful withholding of gratuities intended for drivers

but retained by Uber in violation of Pennsylvania Labor Law§333.103; (iii) unpaid minimum

wages in violation of Pennsylvania Labor Law §333.104; (iv) tortious interference of contract;

(v) breach of contract; and (vi) unjust enrichment.

Case ID: 150902252

2.     Plaintiff alleges that Uber has failed and continues to fail to comply with Pennsylvania Labor Law requirements due to its misclassification of drivers as independent contractors rather than employees.

3.     Plaintiff seeks damages and other appropriate relief on behalf of themselves and other similarly situated aggrieved individuals who have worked for or who are currently working for Defendants.

## PARTIES

4.     Plaintiff JOSEPH DINOFA is citizen of the Commonwealth of Pennsylvania and resident of Philadelphia County. Plaintiff DINOFA currently works for Uber as a driver.

5.     Defendant Uber is a foreign corporation headquartered in San Francisco, California. Defendant is authorized to conduct business and does conduct business throughout the Commonwealth of Pennsylvania.

6.     Defendant Raiser is a subsidiary of Uber and is the equivalent of Uber for the purposes of this action.

7.     At all relevant times, Uber was an "employer" within the meaning of all applicable statutes.

8.     At all relevant times, the work performed by Plaintiff and similarly situated employees was directly essential to Uber's business operations.

## CLASS ALLEGATIONS

9.     Plaintiff brings this proposed Class action pursuant to Pa. Code § 1702, on behalf of himself and all other similarly situated Uber drivers.

10.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or

2

Case ID: 150902252

amended complaint. Excluded from the Class are Defendants and their affiliates, parents, subsidiaries, employees, officers, agents, and directors; government entities or agencies, their affiliates, employees, officers, agents, and directors in their governmental capacities; any judicial officer presiding over this matter and the members of their immediate families and judicial staff; and class counsel.

11.     This action is properly maintainable as a class action. As set forth in Pa. Code § 1702, the proposed Class "is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable." As provided in in Pa. Code § 1702, "there are questions of law or fact common to the Class which predominate over any questions affecting only individual members."

12.     Among the questions of law and fact that are common to the class include, but are not limited to:

     a.   Whether Defendants have charged customers a gratuity for class members' services;

     b.   Whether Defendants failed to distribute the total proceeds of those gratuities to the class members;

     c.   Whether Defendants have informed customers that gratuity is included in the price of the Uber service and so there is no need to tip the drivers;

     d.   Whether class members have suffered damages based upon Uber's representation to customers that there is no need to tip the drivers;

     e.   Whether Defendants improperly classified class members as independent contractors rather than employees;

3

   f.   Whether class members have been required to pay the expenses of their

       employment, including the cost of a vehicle, repairs, gas and tolls;

   g.   Whether Uber unlawfully denied to compensate its employees, Uber's drivers,

       those expenses; and

   h.   Whether class members were denied employee benefits as required by law.

     13.    As provided in Pa. Code § 1702, the proposed lead Plaintiffs' representative
claims are typical of those of the proposed Class because the proposed lead Plaintiffs' damages
are based upon the same legal theories.  The proposed representative Plaintiffs' grievances, like
the proposed Class grievances, arise out of the same business practices and course of conduct of
Defendants.  Further, Plaintiffs' damages arise out of a pattern of nearly identical and repetitive
business practices conducted by Defendants.  Finally, the representative Plaintiffs have no
special circumstances that would put them in conflict with the other members of the Class.

     14.    As provided by Pa. Code § 1702, the representative Plaintiffs can adequately
represent the Class.  No conflict of interest exists between the representatives and the Class
members or with respect to the claims for relief requested.

     15.    The representatives and their chosen attorneys are familiar with the subject matter
of the lawsuit and have full knowledge of the allegations contained in this complaint so as to be
able to assist in its prosecution.  In addition, the representatives' attorneys are competent in the
relevant areas of the law and have sufficient experience to vigorously represent the Class.
Furthermore, the resources available to Class counsel ensure that the litigation will not be
hampered by a lack of financial capacity.  Plaintiffs' attorneys have sufficient financial resources
and are willing to absorb the costs of this litigation.

Case ID: 150902252

16.    As provided by Pa. Code § 1702, a class action is superior to any other available method for adjudicating this controversy.  This proposed class action is the surest way to fairly and expeditiously compensate so large a number of injured persons; to keep the courts from becoming paralyzed by hundreds, perhaps thousands of repetitive cases, and to reduce transaction costs so that the injured Class can obtain the most compensation possible.  Class treatment of this controversy presents a superior mechanism for fairly resolving similar issues and claims without repetitious and wasteful litigation.

## JURISDICTION AND VENUE

17.    This Court has personal jurisdiction over Defendants pursuant to Pa. Code § 5322 because Defendant Uber is a foreign business corporation that is authorized to conduct business in the Commonwealth of Pennsylvania and does conduct business in the Commonwealth of Pennsylvania, and Defendant Raiser is a Pennsylvania business corporation that is authorized to conduct business in the Commonwealth of Pennsylvania and does conduct business in the Commonwealth of Pennsylvania.

18.    Venue is proper in this case pursuant to Pa. Code § 1006 because the cause of action arose in Philadelphia County.

## STATEMENT OF FACTS

19.    Uber compensates its drivers weekly.  Uber takes a percentage of the total fares driven and the driver receives the remainder of the fare.  Because Uber classifies its drivers as independent contractors, Plaintiffs had to pay expenses, including gas, tolls, car repairs and lease payments, from their portion of the fare.

5

Case ID: 150902252

20.     Uber also deducts a $1 "safe ride" fee from each fare which is allegedly used to pay for background checks, driver safety education and development of safety features in its mobile application – an expense the employer should pay, not the employee.

### A. Plaintiff Joseph Dinofa

21.     In October of 2014, Plaintiff JOSEPH DINOFA began driving for Uber as an "UberX" driver.

22.     Initially, Plaintiff DINOFA drove eight (8) to twelve (12) hours per week.  In or about May of 2015, Plaintiff DINOFA increased his hours to full-time, driving between forty (40) and fifty (50) hours per week.

23.     Plaintiff DINOFA's compensation varied depending on the amount of hours worked per week.

24.     Plaintiff DINOFA has incurred between $50 to $300 each week in expenses, including gas, tolls, lease payments and car repairs. In the beginning, after paying for the expenses, Plaintiff DINOFA earned approximately $80 per week.

25.     During his employment, Plaintiff DINOFA was not compensated for any employment related expenses.

### A. Misclassification of Drivers

26.     Plaintiffs allege that Uber uniformly misclassifies all of its drivers as independent contractors when they should be classified and treated as employees.

27.     Uber exerts significant control over its drivers.  For example, upon signing a license agreement to work for Uber, all new drivers must watch a training video demonstrating how Uber wants its drivers to interact with customers.

6

28.     Uber also unilaterally sets the fares for all rides and drivers are required to charge the cost determined solely by Uber.

29.     In addition, all drivers for Uber must maintain an average customer star evaluation of at least 4.5 out of a possible 5 stars.  Instructions on how to improve one's star rating are given to drivers who fall below this average in any given week.  If a driver fails to maintain an average customer rating of 4.5, Uber will deactivate his or her ability to use the application to pick up customers, an action tantamount to terminating the driver "at will," a hallmark of an employee-employer relationship.

30.     As a result of its misclassification, Uber failed to provide Plaintiffs and other similarly aggrieved employees with itemized wage statements, minimum wages, lawful meal and rest periods, and reimbursement for necessary employment related expenses.  Uber also failed to keep accurate payroll records showing aggrieved employees' hours worked and wages paid.

31.     Uber also retained all gratuities owed to aggrieved employees despite representing to its customers and advertising that gratuity is included in the total cost of the car service.

32.     Uber specifically advertises to its customers that tips are included in the cost of the fare:

## DO I NEED TO TIP MY DRIVER?

You don't need cash when you ride with Uber. Once you arrive at your destination, your fare is automatically charged to your credit card on file — there's no need to tip.

33.     Despite Uber's representation that gratuity is included in the cost of the fare, Uber drivers are not compensated for gratuities.  Significantly, Uber specifically instructed its drivers to refuse a cash gratuity if offered.

7

## COUNT I
## <u>TORTIOUS INTERFERENCE WITH CONTRACT & BUSINESS RELATIONS</u>

34.      Plaintiff, on behalf of himself and the proposed class, repeats and realleges all preceding paragraphs as if fully set forth herein.

35.      Defendants' website sets forth:

## DO I NEED TO TIP MY DRIVER?

You don't need cash when you ride with Uber. Once you arrive at your destination, your fare is automatically charged to your credit card on file – there's no need to tip.

36.      Defendants' conduct, in failing to remit the total proceeds of gratuities to drivers, constitutes unlawful tortious interference with the contractual and/or advantageous relationship that exists between the drivers and customers, under state common law.

37.      Defendants' conduct, informing customers "there is no need to tip," constitutes unlawful tortious interference with the contractual and/or advantageous relationship that exists between the drivers and customers, under Pennsylvania common law.

38.      Defendants had a contract with Plaintiffs, were aware of those contracts, intentionally procured the breach of those contracts, and caused Plaintiffs damages thereby.

## COUNT II
## <u>BREACH OF CONTRACT</u>

39.      Plaintiff, on behalf of himself and the proposed class, repeats and realleges all preceding paragraphs as if fully set forth herein.

40.      Defendants' conduct constitutes a breach of contract under state common law. Defendants have a contract with the drivers to remit to them the total proceeds of all gratuities.

8

41.     At all times, Uber withheld and continues to withhold gratuities given by customers to Uber drivers and/or gratuities that are incorporated into the set fare.

42.     Uber's withholding of these gratuities constitutes a breach of contract.

## COUNT III
## UNJUST ENRICHMENT

43.     Plaintiff, on behalf of himself and the proposed class, repeats and realleges all preceding paragraphs as if fully set forth herein.

44.     Defendants unlawfully retained gratuities owed to the drivers.

45.     As a result, Defendants have been unjustly enriched through their retention of a portion of the gratuities owed to the drivers.

46.     Plaintiffs and the class members are entitled to restitution for their full share of the proceeds of the improperly retained gratuities.

## COUNT IV
## CONVERSION

47.     Plaintiff, on behalf of himself and the proposed class, repeats and realleges all preceding paragraphs as if fully set forth herein.

48.     Defendants unlawfully took Plaintiffs' property, namely tips and money spent for expenses, without Plaintiffs' permission.

49.     As a result, Plaintiffs were harmed and class members are entitled to restitution for their full share of proceeds, as well as treble damages.

## COUNT V
## UNFAIR COMPETITION

50.     Plaintiff, on behalf of himself and the proposed class, repeats and realleges all preceding paragraphs as if fully set forth herein.

9

51.     Defendants' activities have caused confusion with, or have been mistaken for, Plaintiffs' activities in the mind of the public, or are likely to cause such confusion or mistake; or Defendants have acted unfairly in some manner.

52.     Plaintiffs' property rights, specifically gratuities and expenses, were misappropriated by Defendants for their commercial advantage.

53.     Defendants unjustly profited by Plaintiffs' expenditure of time, labor and talent.

## COUNT VI
## FRAUD AND MISREPRESENTATION

54.     Plaintiff, on behalf of himself and the proposed class, repeats and realleges all preceding paragraphs as if fully set forth herein.

55.     Defendants made a material representation of fact, that Plaintiffs would receive gratuities, which was untrue, which Defendants knew was an untrue statement at the time, with the intent to deceive, which Plaintiffs justifiably relied upon, causing Plaintiffs to incur damages.

56.     Defendants also informed Plaintiff and proposed class members that they would receive a cancellation fee refund if a passenger cancelled, which Defendants knew was an untrue statement at the time, with the intent to deceive, which Plaintiff justifiably relied upon, causing Plaintiff to incur damages.

57.     Defendants made a material representation of fact, that Plaintiff would receive a card for discounted gas, which Defendants knew was an untrue statement at the time, with the intent to deceive, which Plaintiff justifiably relied upon, causing Plaintiff to incur damages.

## COUNT VII
## VIOLATIONS OF PENNSYLVANIA LABOR LAW

10

Case ID: 150902252

58.     Plaintiff, on behalf of himself and the proposed class, repeats and realleges all preceding paragraphs as if fully set forth herein.

59.     Despite the existence of an agreement indicating Plaintiffs are independent contractors, the treatment of Plaintiffs and control exercised by Uber indicate that Plaintiffs are employees.

60.     Plaintiffs seek damages pursuant to Pennsylvania Labor Law for violations of the following sections:

      a.    failure to provide prompt payment of wages to driver employees upon termination and resignation in violation of Labor Law §260.5;

      b.    failure to provide meal and rest periods to its female drivers in violation Labor Law §107;

      c.    failure to pay portions of gratuities intended for driver employees in violation of Labor Law §333.103;

      d.    failure to keep required payroll records in violation of Labor Law §260.8;

      e.    failure to pay minimum wages in violation of Labor Law §333.104.

61.     As a result of Uber's violations, Plaintiffs are entitled to recover damages associated with the wages and benefits withheld in violation of Pennsylvania Labor Law, as well as attorneys' fees pursuant to Pennsylvania Labor Law §260.9a.

62.     In addition, Plaintiffs seek the imposition of penalties on the Defendants with respect to the applicable provisions of Pennsylvania Labor Law §255.3.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of the proposed class, request relief against the Defendants as follows:

11

a. An award of damages, including compensatory, punitive, and treble damages, in an amount to be determined at trial;

b. Notice to the Classes of the action;

c. An injunction against Defendants prohibiting Defendants from engaging in each of the unlawful practices, policies and patterns set forth herein;

d. Liquidated damages, pursuant to the Pennsylvania Labor Law;

e. Reasonable attorneys' fees and costs of this action;

f. Pre-judgment and post-judgment interest as provided by law; and

g. An Order requiring that Defendants return to Plaintiffs any gratuities and any other funds wrongfully kept by Defendants; and

h. Such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Plaintiffs, on behalf of themselves and the proposed class, demand a trial by jury on all claims so triable.

Dated: Baltimore, Maryland
　　　　September 21, 2015

Respectfully submitted,

NAPOLI LAW PLLC

George Tankard, Esq.
400 East Pratt Street, Suite 849
Baltimore, Maryland 21202
(212) 397-1000

IMBESI LAW P.C.

/s/ *Brittany Weiner*
Brittany Weiner (pro hac vice pending)
450 Seventh Avenue, Suite 1408
New York, New York 10123
(212) 736-0007 (Phone)
*Attorneys for Plaintiff*

12

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

SEPTEMBER 2015     002252

E-Filing Number: 1509042466.

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| JOSEPH DINOFA | UBER TECHNOLOGIES |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 2512 SOUTH SARTAIN<br>PHILADELPHIA PA 19148 | 1455 MARKET STREET 4TH FLOOR<br>SAN FRANCISCO CA 94103 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | RAISER, LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 1455 MARKET STREET 4TH FLOOR<br>SAN FRANCISCO CA 94103 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
|---|---|---|---|---|
| 1 | 2 | [X] Complaint | [ ] Petition Action | [ ] Notice of Appeal |
| | | [X] Writ of Summons | [ ] Transfer From Other Jurisdictions | |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less | [ ] Arbitration | [ ] Mass Tort | [ ] Commerce | [ ] Settlement |
| [X] More than $50,000.00 | [ ] Jury | [ ] Savings Action | [ ] Minor Court Appeal | [ ] Minors |
| | [X] Non-Jury | [ ] Petition | [ ] Statutory Appeals | [ ] W/D/Survival |
| | [X] Other: CLASS ACTION | | | |

| CASE TYPE AND CODE |
|---|
| C1 - CLASS ACTION |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|---|
| | **FILED**<br>**PRO PROTHY**<br>SEP 22 2015<br>K. EDWARDS | YES     NO |

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: JOSEPH DINOFA

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| GEORGE G. TANKARD | 400 EAST PRATT STREET<br>SUITE 849<br>BALTIMORE MD 21202 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (443)274-5733 | none entered | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 91186 | GTankard@napolilaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| GEORGE TANKARD | Tuesday, September 22, 2015, 12:44 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

CP 88-P

BY:
GEORGE TANKARD III, ESQUIRE
400 EAST PRATT STREET
SUITE 849
BALTIMORE, MD 21202

Attorney for Plaintiff



TELEPHONE NO.
(212) 397-1000

| | |
|---|---|
| JOSEPH DINOFA, INDIVIDUALLY, AND ON BEHALF OF ALL SIMILARLY-SITUATED, | PHILADELPHIA COUNTY |
| vs. | COURT OF COMMON PLEAS |
| | TRIAL DIVISION |
| UBER TECHNOLOGIES, INC. AND RAISER, LLC | _____Term, 20_____ |
| | No. |

## Praecipe for Defendant

TO THE PROTHONOTARY:

Kindly issue a Writ to <u>UBER TECHNOLOGIES, INC AND RAISER, LLC</u> as a defendant in the above-captioned matter.

_____
*Attorney for Plaintiff*

Case ID: 150902252

10-201 (Rev. 1/01)

Case ID: 150902252

COMMON WEALTH OF PENNSYLVANIA    :

                                           :    SS

COUNTY OF PHILADLEPHIA             :



### VERIFICATION

Joseph Dinofa, being duly sworn according to law, deposes and says that he is the
Plaintiff in this matter and that the facts set forth in the foregoing pleadings are true and correct
to the best of his knowledge, information and belief. I understand that the statements herein are
subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsifications to
authorities.

Joseph Dinofa

Date: 9/17/15

Case ID: 150902252

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSEPH DINOFA,              :
            Plaintiff,      :      Case No. _____
                            :
        v.                  :      Judge _____
                            :
UBER TECHNOLOGIES, INC. and :      Removed from Court of Common Pleas,
RAISER, LLC,[1]             :      Philadelphia County
                            :      Civil Action No. 150902252
            Defendants.     :
                            :

## DECLARATION OF MICHAEL COLMAN IN SUPPORT OF DEFENDANTS' REMOVAL OF CIVIL ACTION FROM STATE COURT

I, MICHAEL COLMAN, hereby declare and state:

1.       I am currently an Operations Specialist for Defendant Uber Technologies, Inc. ("Uber"), and I work out of Uber's San Francisco location. I have been employed by Uber since October 19, 2011, and have worked as an Operations Specialist since February 2013. In this role, I consult with local operations teams about various aspects of Uber's operations and I have comprehensive personal knowledge of Uber's general business model, as well as the operations of Uber's wholly-owned subsidiary, Rasier, LLC ("Rasier"). I have personal knowledge of the facts set forth in this Declaration, and I can and would testify to those facts if called and sworn as a witness.

2.       Uber is a privately held corporation incorporated in the State of Delaware. Its headquarters and principal place of business is in San Francisco, California. Uber's primary administrative and financial functions, including human resources, benefits and payroll, are all managed at Uber's headquarters in San Francisco. As stated above, Rasier is a wholly owned

---

[1] Raiser, LLC was misspelled in Plaintiff's Complaint filed in the Court of Common Pleas in Philadelphia County. The LLC is actually called "Rasier," not "Raiser" LLC.

subsidiary of Uber.  Rasier is a Delaware limited liability company, and its principal place of business is in San Francisco, California.  Rasier's sole member is an employee of Uber who works at Uber's Headquarters in San Francisco and is a citizen of California.  Uber and Rasier are not governmental entities.

3.     Information in Uber's database indicates that no fewer than 31,267 individual transportation providers, including Plaintiff DiNofa, have used Uber's software application to generate leads in the State of Pennsylvania from the time Uber launched in Pennsylvania in May of 2012 to the present.  The data from which this information was derived is maintained in the regular course of Uber's business as a regular practice.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed at San Francisco, California, this _12_ day of November 2015.

MICHAEL COLMAN